UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 FEB -6 AM 7:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

RICHARD K. NEWTON, )
)
    Plaintiff, )
)
vs. )   Civil Action No. CV-02-S-3151-S
)
MERCEDES-BENZ U.S. )
INTERNATIONAL, INC.; CAROL )
DAVIS, )
)
    Defendants. )

ENTERED
FEB 6 - 2003

## MEMORANDUM OPINION

This action is before the court on defendants' motion to dismiss (doc. no. 6). Although plaintiff was provided an opportunity to respond to the motion,[1] he has not done so.

The Federal Rules of Civil Procedure require that a complaint contain only a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (quoting Fed. R. Civ. P. 8(a)(2)).[2] Consequently, a complaint should not be dismissed

---

[1] *See* doc. no. 7 (Notice of time and place of motion docket) ("Any . . . written argument should be sent and served in such manner as to be RECEIVED by Judge Smith's office and RECEIVED by other counsel by **January 31, 2003**.) (Emphasis in original).

[2] Federal Rule of Civil Procedure 8(a)(2) provides: "A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." *See also Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364 (11th Cir. 1997), stating:

> The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. . . .

*Id.* at 1368-69 (citation omitted); *see also Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

for failing to state a claim upon which relief can be granted, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102.[3] Even so, pleadings must be "something more than an ingenious academic exercise in the conceivable." *Marsh v. Butler County*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc). Although notice pleading may not require that the pleader allege a "specific fact" to cover every element, or allege "with precision" each element of a claim, the Eleventh Circuit has explained that the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001), *cert. denied*, 122 S. Ct. 1067 (2002).

When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984); *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for

---

[3] *See also, e.g., Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984) (holding that a complaint should be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of the plaintiff's complaint); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) (quoting *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102); *Magluta v. Samples*, 256 F.3d 1282, 1282 (11th Cir. 2001) (same) *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)), *reh'g denied*, 840 F.2d 25, *cert. denied*, 486 U.S. 1055, 108 S. Ct. 2822, 100 L. Ed. 2d 923 (1988); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (same).

relief on *any* possible theory." *Brooks*, 116 F.3d at 1369 (emphasis in original) (citation omitted).

Thus, the threshold requirements for a complaint to survive a Rule 12(b)(6) motion to dismiss are "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Such motions accordingly are "viewed with disfavor and rarely granted." *Brooks*, 116 F.3d at 1369 (citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969), and *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)). Even so,

> the complaint must state a cause of action sufficient to affirmatively show the plaintiff is entitled to relief, for
>
>> [i]t is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.

*Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984) (quoting 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 8.13, at 8-118 (2d ed. 1984)).

At the outset, the court observes that plaintiff's complaint is hardly a model of clarity, much less "a short and plain statement" of his claims. The complaint is thirty-two pages long, and contains 297 numbered statements, many of which are repeated throughout the complaint. Further, plaintiff has done nothing to aid the court in deciphering his claims in the context of this motion to dismiss.

Defendants contend that plaintiff's state law claims of breach of contract and bad faith asserted against Mercedes-Benz U.S. International, Inc., and invasion of privacy against Carol Davis are due to be dismissed because they are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. The court finds defendants' arguments to be persuasive and well taken, and, on that basis, Counts VII, VIII, and IX of the complaint are due to be dismissed.[4]

---

[4]The complaint contains two counts that are each designated "Count VII." The court designates the claim for breach of contract as "Count VII," and the claim for bad faith as "Count VIII." Count IX, the claim for invasion of

Defendants also argue that the claim asserted against Carol Davis for retaliation in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-2654, should be dismissed for failure to state a claim upon which relief can be granted. Specifically, defendants assert that plaintiff has failed to allege that Carol Davis retaliated against him.

In order to state a claim of retaliation under the FMLA,

> a plaintiff must prove three elements at trial: (1) he availed himself of a protected right under the FMLA; (2) he suffered an adverse employment decision; and (3) there is a causal connection between the protected activity and the adverse employment decision.

*Parris v. Miami Herald Publishing Co.*, 216 F.3d 1298, 1301 (11th Cir. 2000) (citing *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1367 (11th Cir. 2000)). Plaintiff alleges the following:

> 22. Ms. Carol Davis served as the Plaintiff's supervisor.
>
> . . . .
>
> 229. The Plaintiff was wrongfully denied FMLA leave for his shoulder injury.
>
> 230. Dr. Shawn Harvey provided documentation to the Defendant that the Plaintiff qualified for FMLA leave.
>
> 231. Dr. Harvey also completed the requisite forms regarding short-term disability benefits for the Plaintiff.
>
> 232. The Plaintiff was granted FMLA leave in August 2001.
>
> 233. Ms. Davis denied the Plaintiff short-term disability benefits claiming that she was entitled to Dr. Harvey's personal notes, and unless she received these she would not approve his claim.
>
> 234. The actions of Ms. Davis violated the Family and Medical Leave Act.[5]

Based on the foregoing, the court concludes that plaintiff has stated a claim for retaliation. While

---

privacy against Carol Davis, is properly designated in the complaint as "Count IX."

[5]Complaint (doc. no. 1), at 3, 24-25.

it remains to be seen whether denial of short-term disability benefits constitutes an adverse employment action, plaintiff's allegations meet the "exceedingly low" threshold necessary to survive a motion to dismiss. Accordingly, plaintiff's motion to dismiss Count VI as to defendant Carol Davis is due to be denied.

A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 5th day of February, 2003.

_____
United States District Judge